FILED
CLERK, U.S. DISTRICT COURT
AUG 28 2006
CENTRAL DISTRICT OF CALIFORNIA
BY            DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC CLAYTON MEROLILLO,<br><br>Petitioner,<br><br>v.<br><br>JAMES YATES, Warden,<br><br>Respondent. | NO. ED CV 05-0197 RGK (FMO)<br><br>**ORDER STAYING CASE** |

DOCKETED ON CM
AUG 28 2006
BY

## INTRODUCTION

Petitioner, a prisoner in state custody, has filed a Petition for Writ of Habeas Corpus ("Petition") on March 9, 2005, pursuant to 28 U.S.C. § 2254. On March 15, 2005, the court granted petitioner's motion for appointment of counsel, concluding that the interests of justice require the appointment of counsel. (Court's Order of March 15, 2005, at 1). The court appointed the Office of the Federal Public Defender to represent petitioner. (Id.).

On August 11, 2006, petitioner filed an Ex Parte Application to Stay Proceedings Pending Exhaustion of State Court Remedies ("Application"). Respondent filed an Opposition to petitioner's Application ("Opposition") on August 17, 2006.

Petitioner seeks a stay of the action to exhaust Claim Two of the Petition which alleges a violation of petitioner's Sixth Amendment right to the effective assistance of counsel based on counsel's failure to request critical defense instructions and because of a conflict of interest arising

from counsel's adverse relationship with her employer, the Riverside County Public Defender's Office ("RCPD"). (Application at 3).

## DISCUSSION

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court addressed the issue of "whether a federal district court has discretion to stay [a] mixed petition to allow the petitioner to present his unexhausted claims to the state court in the first instance, and then to return to federal court for review of his perfected petition." Rhines, 544 U.S. at 271-72, 125 S.Ct. at 1531. In resolving the issue, the Supreme Court stated that "[d]istrict courts do ordinarily have authority to issue stays, where such a stay would be a proper exercise of discretion." Id. at 276, 125 S.Ct. at 1534 (internal citations omitted). While the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "does not deprive district courts of that authority, . . . it does circumscribe their discretion." Id. (internal citation omitted). Indeed,

> [s]tay and abeyance, if employed too frequently, has the potential to undermine [AEDPA's] twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

Id. at 277, 125 S.Ct. at 1534.

Accordingly, "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 277, 125 S.Ct. at 1535. Specifically, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. Furthermore, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. In addition, a court should not grant a stay where a petitioner "engages in abusive litigation tactics or intentional delay." Id. at 278, 125 S.Ct. at 1535.

"On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Rhines, 544 U.S. at 278, 125 S.Ct. at 1535. In such an instance, "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." Id.

In sum, a district court has discretion to deny a motion to stay a federal habeas petition if: (1) the petitioner does not present good cause for his failure to exhaust; (2) the unexhausted claims are plainly meritless; or (3) the petitioner engages in abusive litigation tactics or intentional delay. Rhines, 544 U.S. at 278, 125 S.Ct. at 1535. If the court "determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id.

Under the circumstances, the court is persuaded that a stay is appropriate here. First, although the issue of good cause is a close call, the court believes that petitioner has established good cause for failure to raise the claim in his state court petitions. As the Ninth Circuit has indicated, "[p]ro se habeas petitioners are to be afforded the benefit of any doubt." Brown v. Roe, 279 F.3d 742, 746 (9th Cir. 2002) (internal quotation marks omitted). Here, it appears that petitioner may have exhausted the claim when he attached the declaration of attorney James L. Grandy, who represented petitioner in the employment arbitration proceeding between the RCPD and petitioner's trial counsel, to the habeas petition he filed in the California Supreme Court. (See Lodgment No. 10 at Exh. A). Although the petition did not include as a ground for relief the issue of petitioner's trial counsel's firing for incompetence, Mr. Grandy's declaration did describe the deficiencies in petitioner's trial counsel's representation. (See id. at 3-4); cf. Insyxiengmay v. Morgan, 403 F.3d 657, 668 (9th Cir. 2005) (petitioner's inclusion of appendix that contained a previous petition articulating his claims sufficed to exhaust even where body of post-conviction motion did not contain the claims).

      Second, the court is persuaded that petitioner's claim is meritorious. Given that petitioner's trial counsel was terminated from her employment by the RCPD in part because she neglected her duty to petitioner and was unprepared, the court cannot say that it is "perfectly clear that [petitioner] does not raise even a colorable federal claim." Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005). Finally, there is no indication of any dilatory tactics on the part of petitioner.

      Based on the foregoing, IT IS ORDERED THAT:

      1. Petitioner's Ex Parte Application to Stay Proceedings **(Document No. 26)** is **granted**. The Petition consisting solely of the exhausted claims shall be **stayed** until thirty (30) days following final action by the California Supreme Court on petitioner's unexhausted claim. If petitioner intends to amend the Petition to add the newly-exhausted claim, he must do so before this deadline expires. If petitioner fails to amend the Petition within the allotted time to include the newly-exhausted claims, the stay shall be vacated nunc pro tunc as of the date the stay was entered. Petitioner is strongly reminded that he must present the unexhausted claim to the California Supreme Court to achieve exhaustion of the claim.

      2. Petitioner's action is stayed for petitioner to exhaust only the claim set forth in this Order.

      3. Beginning **December 1, 2006, and every ninety (90) days thereafter**, petitioner shall file a "Status Report Re: Petitioner's State Habeas Petition" ("Status Report"). The Status Report must set forth the court and the status of the state habeas petition and all activity that has occurred since the filing of the previous Status Report. Petitioner shall attach a current copy of the docket sheet or any other orders or decisions that have been issued by the state court. **Failure to file the required Status Reports in accordance with this Order may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order.** Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 41(b).

Dated this 28 day of August, 2006.

                                                                /s/ Fernando M. Olguin
                                                                Fernando M. Olguin
                                                              United States Magistrate Judge