FILED
CLERK, U S DISTRICT COURT

AUG 10 2007

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

Priority
Send       ✓
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARC CLAYTON MEROLILLO,<br><br>Petitioner,<br><br>v.<br><br>JAMES YATES, Warden,<br><br>Respondent. | NO. ED CV 05-0197 RGK (FMO)<br><br>**ORDER GRANTING MOTION TO AMEND** |

DOCKETED ON CM   AUG 10 2007   BY    174

### INTRODUCTION

On March 9, 2005, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254. On the same day, petitioner filed a "Motion and Declaration for Appointment of Counsel" ("Motion for Appointment of Counsel"). On March 15, 2005, the court granted petitioner's Motion for Appointment of Counsel and appointed the Office of the Federal Public Defender to represent petitioner. (See Court's Order of March 15, 2005, at 1). Respondent filed an Answer to the Petition ("Return") on July 8, 2005. On November 14, 2005, petitioner filed a Reply.

On August 11, 2006, petitioner filed an "Ex Parte Application to Stay Proceedings Pending Exhaustion of State Court Remedies" ("Motion to Stay"). On August 17, 2006, respondent filed an Opposition to petitioner's Motion to Stay. On August 28, 2006, the court granted petitioner's Motion to Stay. (See Court's Order of August 28, 2006, at 4).

On May 25, 2007, petitioner filed a "Request for Leave to Amend Petition" ("Motion"). Respondent filed an Opposition to petitioner's Motion ("Opposition") on June 8, 2007. On June 18, 2007, petitioner filed a Reply to respondent's Opposition ("Reply").

The court has considered all the briefing with respect to petitioner's Motion. For the reasons set forth below, the Motion is granted.

## DISCUSSION

Under Rule 15(a) of the Federal Rules of Civil Procedure, after a responsive pleading has been served, "a party may amend [its] pleading only by leave of the court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The granting of leave to amend rests within the sound discretion of the court, Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330, 91 S.Ct. 795, 802 (1971), and is guided by an examination of several factors, including: (1) whether the amendment causes the opposing party undue prejudice; (2) whether the amendment is sought in bad faith; (3) whether the amendment causes undue delay; (4) whether the amendment constitutes an exercise in futility; and (5) whether the party seeking amendment has previously sought to amend his pleadings. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 & n. 3 (9th Cir. 1987).

In his Motion, petitioner seeks to add an additional claim to his Petition based on ineffective assistance of counsel due to a conflict "between trial counsel and the Riverside County Public Defender's Office[.]"[1] (Motion at 2). Respondent opposes the amendment, asserting that the claim is procedurally defaulted because petitioner failed to present the claim to the state court in a timely manner. (See Opposition at 2-5). In addition, respondent asserts that it would be futile to add the claim because it is meritless. (See id. at 5-8).

Having considered the various Rule 15(a) factors, the court is persuaded that amendment of the Petition to add the additional claim for ineffective assistance of counsel is proper under the

---

[1] The court stayed this matter to allow petitioner to exhaust this claim. (See Court's Order of August 28, 2006, at 4)  The claim is now exhausted. (See Petitioner's Third Status Report, filed May 2, 2007, Exh. A) (copy of California Supreme Court's Order, filed April 25, 2007, denying petitioner's state habeas petition).

1  circumstances of this case. First, respondent's assertion that the California Supreme Court's
2  citation to In re Clark, 5 Cal.4th 750 (1993), and In re Robbins, 18 Cal.4th 770 (1998), in denying
3  petitioner's claim constitutes an independent and adequate state procedural bar to federal review
4  of the claim, (see Opposition at 2-3), is unpersuasive. Respondent's argument was implicitly, if
5  not explicitly, rejected by the Ninth Circuit in King v. Lamarque, 464 F.3d 963 (9th Cir. 2006).[2] In
6  King, as in the instant case, petitioner's habeas petition was denied by the California Supreme
7  Court with citations to In re Clark and In re Robbins. Id. at 965. The Ninth Circuit vacated the
8  district court's judgment that petitioner's claims were procedurally defaulted and held that,
9  because the Ninth Circuit had "previously found the [timeliness] rule to be too ambiguous to bar
10 federal review during the applicable time period[,]" petitioner met his "burden under *Bennett* [v.
11 *Mueller*, 322 F.3d 573 (9th Cir. 2003, as amended, Mar. 4, 2003), cert. denied, 540 U.S. 938, 124
12 S.Ct. 105 (2003)] by simply challenging the adequacy of the procedure[.]"[3] Id. at 967 (italics in
13 original). The Ninth Circuit remanded the matter to the district court to afford the government an
14 opportunity to meet its burden of establishing that California's timeliness rule "has become

---

16  [2]  Respondent's assertion that the court should not follow the holding in King because "the three-judge panel in *King* implicitly overruled *Bennett* [v. *Mueller*, 322 F.3d 573 (9th Cir. 2003, as amended, Mar. 4, 2003), cert. denied, 540 U.S. 938, 124 S.Ct. 105 (2003)], which is something the panel lacked the power to do[,]" (Opposition at 3) (italics in original), is without merit. The district court is bound to follow controlling Ninth Circuit case law. See Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987) ("District courts are, of course, bound by the law of their own circuit[.]"); accord Elecs. for Imaging Inc. v. Atl. Mut. Ins. Co., 2006 WL 3716481, at *6 (N.D. Cal. 2006).

21  [3]  King, relying and quoting from Bennett, set forth the burden-shifting process as follows:

> *Bennett* specifies the burden-shifting process involved in determining whether a procedural rule is adequate. Once the government has pleaded the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. The burden then shifts back to the government, and it bears the ultimate burden of proving the adequacy of the relied-upon ground.

28  464 F.3d at 966-67 (internal quotation marks and citations omitted) (italics in original).

1  sufficiently clear and consistently applied to justify barring federal review of [petitioner]'s claim."
2  Id. at 968.

3        Although respondent asserts that the instant case is distinguishable from King because petitioner "did not assert . . . any factual allegations that demonstrate[] the inadequacy of the procedural bar[,]" (Opposition at 3), this argument is unpersuasive. Respondent raised the procedural bar in his Opposition to petitioner's Motion, (see id. at 3-5), and petitioner challenged the adequacy of the procedure in his Reply, noting that the holding in King demonstrates the inadequacy of the procedural bar in this case. (See Reply at 2). In light of King and Ortiz v. Stewart, 149 F.3d 923 (9th Cir. 1998), cert. denied, 526 U.S. 1123, 119 S.Ct. 1777 (1999), it is clear that petitioner met his burden by simply contesting the adequacy of the state timeliness bar. See King, 464 F.3d at 967 ("Once we have found a state procedural rule to be inadequate, petitioners may fulfill their burden under *Bennett* by simply challenging the adequacy of the procedure[.]") (italics in original); see also Lewis v. Woodford, 2007 WL 196635, at *11 n. 4 (E.D. Cal. 2007) ("[W]here the federal courts ha[ve] previously indicated that the procedural bar in question was not well established or consistently applied[,] . . . petitioner need only indicate that he is contesting the bar.").

      Because petitioner met his burden by simply challenging the adequacy of the timeliness bar, "the burden . . . shift[ed] back to the government to demonstrate that the law has subsequently become adequate." King, 464 F.3d at 967. Respondent has not pointed to any evidence, (see, generally, Opposition, at 1-5)[4] that California's timeliness rule "has become sufficiently clear and consistently applied to justify barring federal review of" petitioner's claim. King, 464 F.3d at 968. Accordingly, the denial of petitioner's claim by the California Supreme Court on timeliness grounds does not constitute a procedural bar to federal review of his claim.

---

[4] Arguably, respondent, knowing that he could not, without leave of the court, file anything more than his Opposition, should have argued in the alternative that, assuming petitioner met his burden, "California's 'substantial delay' rule has become sufficiently clear and consistently applied to justify barring federal review of [petitioner's] claim." King, 464 F.3d at 968. Respondent did not do that nor did he seek leave to file a sur-reply to petitioner's Reply memorandum.

1    With respect to respondent's argument that petitioner's ineffective assistance of counsel claim is meritless, (see Opposition at 5-8), the court cannot find that allowing petitioner's claim would be futile. Petitioner's claim that his trial counsel was terminated from her employment during his criminal trial based, in part, on her performance in petitioner's trial, (see Reply at 4-5), raises at least a colorable claim. See DCD Programs, 833 F.2d at 186 (amendment of new claim should not be exercise in futility); cf. Cassett v. Stewart, 406 F.3d 614, 624 (9th Cir. 2005), cert. denied, 546 U.S. 1172, 126 S.Ct. 1336 (2006) (Federal courts should deny an unexhausted claim on the merits "only when it is perfectly clear that the applicant does not raise even a colorable federal claim."). Finally, there is no indication that respondent would be prejudiced by amendment of the Petition or that it would cause undue delay as respondent has been on notice of this claim since the filing of the Petition. (See Petition at 7). Indeed, respondent has already addressed the merits of the claim in his Return. (See Return at 10-11).

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Request for Leave to Amend Petition **(Document No. 33)** is **granted**. Petitioner's Proposed First Amended Petition is **ordered filed** and shall be deemed filed as of May 25, 2007.

2. Since respondent has already addressed the merits of the amended claim in his Return, petitioner shall be afforded the opportunity to file a Supplemental Reply. Petitioner shall file a Supplemental Reply addressing only the amended claim by **August 24, 2007**.

Dated this __10__ day of August, 2007.

_____
Fernando M. Olguin
United States Magistrate Judge